PENNSYLVANIA HARDWARE & PAINT CO. v. L. W. F. ENGINEERING CO.

(Circuit Court of Appeals, Second Circuit. January 2, 1923.)

No. 108.

1. Receivers ☞90—Receiver held not to have adopted note, so as to entitle holder to payment in full.

Where, prior to a receivership, a company had settled an indebtedness by agreeing to give the creditor a note and to manufacture 1,000 phonograph cabinets for the creditor, and the receiver applied for, and obtained, leave to carry out and complete the settlement contract, by making and delivering the balance of the cabinets, and to make a new contract to furnish additional cabinets, from the proceeds of which the note would be paid, but the new contract was never made, the receiver never assumed or adopted any contract involving payment of the note, so as to entitle the holder to payment in full, as the giving of the note by the company completed that part of the agreement, and it was only the incomplete part that the receiver asked leave to complete.

2. Receivers ☞90—Holder of note held to sustain no relation to receiver under agreement which he undertook to complete.

Where, prior to receivership, a company had settled an indebtedness by agreeing to give a note to the creditor and to manufacture for it 1,000 phonograph cabinets, and the receiver asked and obtained leave to carry out the settlement agreement by making and delivering the balance of the cabinets, the note, though growing out of the settlement, was, in an indorsee's hands, a wholly separate contract, and no relation growing out of the settlement agreement existed between the indorsee and the receiver.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Pennsylvania Hardware & Paint Company against the L. W. F. Engineering Company, in which a receiver was appointed for the defendant. From an order denying its petition for payment of its claim in full, the Title Guaranty & Trust Company, as trustee, appeals. Affirmed.

Appeal from final order in equity entered in the District Court for the Southern District of New York. In December, 1920, by order in this cause, Mr. Whitbeck was made receiver of L. W. F. Company. Before bill filed—i.e., on October 21st—that company was indebted to Pathé Company, in a considerable sum, which the two companies agreed should be settled by L. W. F. Company giving its promissory note for $25,000, payable October 21, 1921, and making and delivering to Pathé Company, within 90 days, 1,000 "phonograph cabinets." Mr. Whitbeck was appointed before the expiration of 90 days, and found himself possessed of 789 partially finished cabinets, or the parts and material for making the same; 211 had been delivered before such appointment.

Apparently the receiver also had facilities for making still more cabinets, for he asked the court of appointment for leave (1) "to carry out and complete" the settlement agreement above referred to by making and delivering to Pathé Company 789 cabinets "in satisfaction of its claims against" L. W. F. Company, "excepting said promissory note" due October 21, 1921; and (2) to make new contract with Pathé for furnishing additional cabinets to the value of $50,000, of which Pathé should retain $25,000 in payment of said note, and the balance would, as was hoped, be at least as much as all the unfinished stock on hand would sell for at forced sale. Accordingly the receiver was by order "authorized and empowered to carry out and complete" the contract first above described, and similarly authorized to make the new agreement last above mentioned.

Before these proceedings the Title Guarantee Company had become and still remains the owner of said $25,000 note; it holds the same as trustee, and as part of the collateral deposited by Pathé Company with such trustee to secure certain debentures or similar obligations issued by the latter corporation. The receiver made and delivered the 789 cabinets, but no new contract was ever arranged; consequently Pathé Company never got the additional cabinets, and never became obliged to give the receiver $25,000 and surrender to him the aforesaid note.

After maturity of the note, Title Company petitioned that the receiver be directed to pay said $25,000 forthwith and in full, because he had "adopted the said settlement"; i. e., the agreement between L. W. F. and Pathé Companies first above stated. From an order denying this petition, and declaring Title Company to be but a general creditor, the latter company took this appeal.

Edward T. Horwill, of Brooklyn, N. Y. (Arnold M. Schmidt, of Brooklyn, N. Y., of counsel), for appellant.

Morris, Plante & Saxe, of New York City (Merton E. Lewis, of New York City, of counsel), for receiver.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). This appeal arises from (1) a misunderstanding of what the receiver actually did; and (2) a misconception of the legal relations between Title Company and L. W. F. Company.

[1, 2] Before any receivership there was a settlement agreement between Pathé Company and its debtor. That agreement had two parts,

the giving of a note and the making of 1,000 cabinets. The note part was completed, and the note made, delivered, and negotiated to Title Company; the receiver found incomplete only the making of cabinets. Naturally, therefore, what he asked leave to do, and did, was "to carry out and complete" what was incomplete—i. e., the cabinet making.

The receiver never in terms, in intent, nor even in seeming, asked or received leave to complete the settlement in any sense other than above set forth, nor did he assume nor adopt any contract involving the payment of the $25,000 note. On the other hand, it was by the suggested new contract that the note was to be paid; so that the expression of that method excludes even the suggestion of any thought of paying the note as part of the "carrying out and completion" of L. W. F.'s contract.

Further, as matter of law, the settlement agreement was per se to be executed by giving the note and making the cabinets. Of course there was and is legal obligation on L. W. F. Company to pay the note; not by force of the settlement, but by force of the note itself—given for consideration. Recovery on the note would have required no recourse whatever to the settlement agreement. Thus appellant seeks to enforce an agreement never made by the receiver.

But, referring to the second point, the Title Company as note holder had with the receiver no relation at all growing out of the settlement agreement, and with that note holder the receiver never had any dealings. The note grew out of the settlement, but it was in the indorsee's hands, a wholly separate contract, independent and self-evidencing.

Order affirmed, with costs.